UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN-ANTHONY ARNDT, :

        Petitioner, :
                                 CIVIL ACTION NO. 3:11-0856

     v. :

                                 (KOSIK, D.J.)
COMMONWEALTH OF : (MANNION, M.J.)
PENNSYLVANIA, COUNTY OF
YORK, MICHAEL E. BORNTNER, :
JONELLE H. ESHBACH, SCI CAMP
HILL, and PA STATE ATTORNEY :
GENERAL,

                               :
        Respondents.

## REPORT AND RECOMMENDATION[1]

On May 5, 2011, the petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. No. 1). Named as respondents are the Commonwealth of Pennsylvania, County of York, Michael E. Borntner, Jonelle H. Eshbach, and SCI-Camp Hill.[2] *Id.* See also (Doc. No.'s 8 & 9). On

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] Petitioner initially named York County Prison as a respondent because he was confined there. However, after the petitioner filed his habeas petition, he was transferred to SCI-Camp Hill and, as such, he now wishes to name SCI-Camp Hill as a respondent instead. Accordingly, SCI-Camp Hill has been named as a respondent, and York County Prison is no longer named as a respondent in this action.

June 23, 2011, the petitioner paid the appropriate filing fee. (Doc. No. 12).

As such, the petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. §2254.[3] For the reasons set forth below, the court will recommend that the petition be **DISMISSED** without prejudice.

I.   DISCUSSION

In the instant petition, and subsequent addendum to the petition, the petitioner challenges his conviction and sentencing, in the Court of Common Pleas of York County.[4] (Doc. No.'s 1 & 9). The gravamen of the petition is that

---

[3] Ordinarily, prior to giving the petition preliminary consideration, the court would issue an administrative order in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), advising the petitioner of the limitations upon his right to file another §2254 petition in the future if his petition were to be considered by the court as filed. In this regard, the petitioner would be given leave to withdraw his petition without prejudice to filing another petition raising any and all grounds for relief from his conviction. However, in this case, it is being recommended that the petition be dismissed pursuant to the doctrine of abstention as the petitioner's state court criminal prosecution proceedings have not yet ended, and he is *only* challenging that state court conviction. As such, it would be futile to allow the petitioner to file an amended petition.

[4] Petitioner indicates that the docket number is CP-67-CR-0004896-2009.

the Court of Common Pleas lacked jurisdiction over petitioner, and that his conviction was obtained through a course of "vindictive prosecution," which included violations of his Fourth Amendment rights, ineffective assistance of counsel and prosecutorial misconduct. *Id.* By way of relief, the petitioner seeks that he be released from prison, and that this court order the proceedings in the York County Court of Common Pleas be stayed pending the resolution of his jurisdictional challenge to his conviction. (Doc. No. 1).

A search of Pennsylvania's Unified Judicial System Webportal, Superior Court Docket Sheets, available at http://ujsportal.pacourts.us/DocketSheets/SuperiorCourt.aspx, indicates that, as of April 11, 2011, the petitioner has been awaiting a hearing on a post sentence motion before the Court of Common Pleas of York County. Consequently, as will be discussed below, it appears that the doctrine of abstention applies, and therefore the court recommends that the instant petition be dismissed.

In *Younger v. Harris*, 401 U.S. 37, 41 (1971), the Supreme Court held in the criminal context that a federal court should exercise its discretion to abstain from interfering with a pending state criminal proceeding. The basis of the holding was, in part, a recognition of the importance of "'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire

3

country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44. The Supreme Court found that federal courts must be sensitive to "the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." *Id.*

The Supreme Court later extended the *Younger* doctrine to civil proceedings. *See Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (citing *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1 (1987)); *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619 (1986); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)). But the Supreme Court warned that "'[a]bstention from the exercise of federal jurisdiction is the exception, not the rule' [and] rarely should be invoked, because the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Ankenbrandt*, 504 U.S. at 705 (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 817 (1976) (omission

4

in original)).

The Third Circuit has identified three requirements to abstain under *Younger*. *Addiction Specialists, Inc. v. Township of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005) (citing *Gwynedd Props., Inc. v. Lower Gwynedd Township*, 970 F.2d 1195, 1200 (3d Cir. 1992)). First, there must be an ongoing state judicial proceeding. *Id.* Second, the federal claim would interfere with a state proceeding that "implicate[s] important state interests." *Id.* An indicator of whether state interests are implicated is whether the proceeding challenges an official's actions or a state's policies or laws; a challenge to an official's actions that infringe upon a party's constitutional rights likely does not implicate important state interests. *See id*. at 409-10 ("[A] federal claim challenging the discriminatory actions of township officials in making land use decisions–as opposed to a claim challenging the validity of the state's land use policies and laws–did not implicate important state interests for *Younger* abstention purposes.") (citing *Gwynedd Props.*, 970 F.2d at 1202-03) (emphasis in original). Nonetheless, "even if the federal claims at issue do not themselves implicate important state interests, 'certain aspects of [the] requested relief' may potentially interfere with the state proceeding" and warrant discretionary abstention. *Id.* at 410 (quoting *Gwynedd Props.*, 970

F.2d at 1204 n.13) (bracketed material in original). Finally, the state proceedings must "afford an adequate opportunity to raise the federal claims." *Id.* at 408. "[A]bstention would still be inappropriate if the precise claims raised to the federal court could not be litigated in the relevant ongoing state proceeding." *Id.* at 411 (citing *Heritage Farms, Inc. v. Solebury Township*, 671 F.2d 743 (3d Cir.1982)).

Despite the existence of these three requirements, abstention is still inappropriate if the ongoing state proceedings are undertaken in bad faith or to harass the plaintiff, or some extraordinary circumstance would prevent a significant and immediate potential for irreparable harm to the asserted federal interest by deferring to the state courts. *See Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003).

Here, it appears that all three requirements for abstention are met, and that the petitioner has not shown bad faith, harassment, or any extraordinary circumstance that calls for federal court intervention. First, the ongoing state court criminal prosecution proceedings are clearly judicial in nature. Second, the court finds that the criminal prosecution for violating state criminal laws is an important state interest. Third, it appears to the court that petitioner may raise any constitutional challenges to the legality of his conviction in the post

sentence motion or during state court appellate proceedings.

As the petitioner may avail himself of state court procedure by seeking relief in the Court of Common Pleas of York County as well as through subsequent appellate proceedings in state court, the court finds that there is no extraordinary circumstance warranting federal court intervention.

> "Because there is relief available at the state court level, there is an absence of extraordinary circumstances that would warrant our intervention on this issue. . . . Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992).

*Rowe v. Pennsylvania*, No. 10-2456, 2010 U.S. Dist. LEXIS 131420, at *6-7 (M.D. Pa. Dec. 13, 2010). *See also Moore v. De Young*, 515 F.2d 437, 441 (3d Cir. 1975) (extraordinary circumstances did not exist to permit adjudication of a speedy trial claim because the applicant "will have an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and any subsequent appellate proceedings in the state courts").

Therefore, it is recommended that the court abstain from enjoining or interfering with the pending state court proceedings, and that the petition be

7

dismissed without prejudice.[5]

## II.     RECOMMENDATION[6]

For the reasons elaborated above, **IT IS RECOMMENDED THAT**, the petition for writ of habeas corpus, (Doc. No. 1), be **DISMISSED** without prejudice.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** July 1, 2011
O:\shared\REPORTS\2011 Reports\11-0856-01.wpd

---

[5] In addition, the court notes that an alternative reason for recommending that the petition be dismissed is that petitioner has failed to exhaust his available state remedies. *See* 28 U.S.C. §2254(b)(1)(A); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004).

[6] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.