UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN-ANTHONY ARNDT,

    Petitioner,

v.

COMMONWEALTH OF
PENNSYLVANIA, COUNTY OF YORK,
MICHAEL E. BORNTNER, JONELLE H.
ESHBACH, SCI WAYMART, and PA
STATE ATTORNEY GENERAL,

    Respondents.

Civ. No. 3:11-CV-856

(Judge Kosik)

FILED
SCRANTON

AUG 3 1 2011

PER _____
DEPUTY CLERK

**MEMORANDUM**

On May 5, 2011, Petitioner Shawn-Anthony Arndt filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner named the Commonwealth of Pennsylvania, County of York, Michael E. Borntner, Jonelle H. Eshbach, and SCI-Waymart[1] as respondents. (*Id.*). On July 1, 2011, Magistrate Judge Mannion issued a Report and Recommendation (R&R) dismissing the case without prejudice pursuant to the doctrine of abstention. (Doc. 13). After reviewing the case for preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, the Magistrate Judge found that since Petitioner's state court criminal proceedings have not ended and since Petitioner was only challenging that ongoing state court conviction, the case should not move forward. (*Id.*). In addition to dismissing the case based on the doctrine of abstention, the Magistrate Judge also notes that an alternative reason for recommending that the petition be dismissed is that Petitioner has failed to exhaust his available state remedies. (*Id.* at 8).

---

[1] Petitioner initially named York County Prison as Respondent because he was confined there. Petitioner was then moved to SCI-Camp Hill who was named as Respondent for purposes of the R&R. After the R&R was filed, Petitioner was again moved, this time to SCI-Waymart, where he is currently residing. Because of this, Respondent has been changed to SCI-Waymart. (Doc. 14)

Petitioner filed Objections to the R&R, addendums[2] and supplements, and a document entitled "Memorandum of Decision (Conclusions of Law)."[3] (Doc. 15, 18, 19, 20, 23). For the reasons that follow, we will adopt the R&R and dismiss the petition without prejudice. We have jurisdiction over this matter pursuant to 28 U.S.C. § 2254.

## Factual Background

In Petitioner's habeas petition, and subsequent addendum, the Petitioner challenges his conviction and sentencing in the Court of Common Pleas of York County[4]. (Doc. 1, 9). The gravamen of the petition is that the Court of Common Pleas lacked jurisdiction over Petitioner and that his conviction was obtained through a course of "vindictive prosecution," including violations of his Fourth Amendment rights, ineffective assistance of counsel, and prosecutorial misconduct. *Id.* By way of relief, the Petitioner seeks that he be released from prison, and that we order the proceedings in York County Court of Common Pleas be stayed pending the resolution of his jurisdictional challenged to his conviction. (Doc. 1).

At the time of the R&R, the Magistrate Judge noted that Petitioner had been awaiting a hearing on a post sentence motion hearing before the Court of Common Pleas of York County. (Doc. 13, p. 3). A recent search of Pennsylvania's Unified Judicial System Webportal, Common Pleas Court Docket Sheets[5], shows that the post sentence motion hearing Petitioner was awaiting was completed on August 8, 2011. The search further indicates that, as of

---

[2]Petitioner filed Addendum #3 (Doc. 15) on July 6, 2011. This document seems to explain some of the facts surrounding his state proceedings based on information he received after his trial and sentencing were over. At the end of the documents, he reiterates his request to file a petition of habeas corpus and immediate release from prison because there was a conspiracy against him.

[3]We read this document as an additional objection, though it is seems to be presented as Petitioner's version of a court order.

[4]Petitioner indicates that the docket number is CP-67-CR-0004896-2009.

[5]Website: http://ujsportal.pacourts.us/DocketSheets/CP.aspx

August 22, 2011, the Petitioner has been awaiting court decision.

## Standard of Review

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## Discussion

The Magistrate Judge's R&R dismissed the petition on the basis of the doctrine of abstention, while additionally noting that alternatively, the petition could be dismissed based on Petitioner's failure to exhaust his available state remedies. (Doc. 1). Petitioner objects to these findings and argues that he is in this Court because of the Commonwealth's vindictive prosecution and actions and that the Court of Common Pleas of York County does not have jurisdiction over Petitioner. (Doc. 18, 19, 20, 23).

### A. Doctrine of Abstention

In *Younger v. Harris,* the Supreme Court held in the criminal context that a federal court should exercise its discretion to abstain from interfering with a pending state criminal proceeding. *Younger v. Harris,* 401 U.S. 37, 41 (1971). According to *Younger*, a federal court should abstain from granting federal injunctive relief in an ongoing criminal matter unless federal judicial intervention is absolutely necessary to protect the rights of the state

criminal defendant. *Id.* The Court of Appeals for the Third Circuit has held that *Younger* abstention is appropriate only if "'(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.'" *Marran v. Marran*, 376 F.3d 143, 154 (3d Cir. 2004) (quoting *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)).

Exceptions to the *Younger* doctrine exist when irreparable injury is "both great and immediate," *Younger*, 410 U.S. at 46, where the state law is "flagrantly and patently violative of express constitution prohibitions," *id.* at 53, or where there is a strong showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief," *id.* at 54. The Third Circuit has stated that despite the existence of the three requirements, abstention is still inappropriate if the ongoing state proceedings are undertaken in bad faith or to harass the plaintiff, or some extraordinary circumstance would prevent a significant and immediate potential for irreparable harm to the asserted federal interest by deferring to the state courts. *See Anthony v. Council,* 316 F. 3d 412, 418 (3d Cir. 2003).

The Magistrate Judge found that all three requirements for abstention are met and that Petitioner has not shown bad faith, harassment, or any extraordinary circumstance that calls for federal court intervention. (Doc. 13, p. 6). The Magistrate Judge pointed out that the state court criminal prosecution proceedings were judicial in nature; criminal prosecution for violating state criminal laws is an important state interest; and that it appears that petitioner may raise any constitutional challenges to the legality of his conviction in the post sentence motion or during state court appellate proceedings. (*Id.* at 6-7). The Magistrate Judge also found that there were no extraordinary circumstances warranting federal court intervention. (*Id.* at 7).

Petitioner objects to these findings arguing that the Commonwealth of Pennsylvania is pursuing him through vindictive prosecution and vindictive actions. (Doc. 18, p. 1). He reiterates that he is a "sovereign citizen" and as such, the Court of Common Pleas of York

County has no jurisdiction over Petitioner[6]. (Doc. 18, p. 1; Doc. 19, ¶1). Petitioner states that his Fourth Amendment rights, Fifth Amendment rights to due process, and many other federal and state constitutional rights have been violated. (Doc. 18, p. 1-2). He argues that he can prove prosecutorial misconduct, perjury and falsified statements, and other illegal violations the Commonwealth of Pennsylvania committed against him[7]. (Doc. 18, p. 2; Doc. 20, p. 3-4). Petitioner goes on further to state that there is no way he can receive a fair and unbiased resolution to this case using "'normal' state remedies as would be normal procedure." (Doc. 18, p. 2; Doc. 19, ¶; Doc. 20, p. 2-5). Petitioner finally insists that we should not dismiss this case because we have jurisdiction and have a duty to enforce rights asserted under the Federal Constitution. (*See* Doc. 23, p. 6-8).

Despite Petitioner's objections and filings, we agree with the Magistrate Judge's findings and adopt his R&R. *Younger* abstention is appropriate in this case because the docket states that his case is awaiting court decision, the criminal nature of the proceedings in front of the Commonwealth of Pennsylvania presents an important state interest, and finally, the Petitioner will be afforded an adequate opportunity to raise his federal claims in state court. *See Marran,* 376 F.3d at 154. Petitioner's claims against the Commonwealth of Pennsylvania for vindictive prosecution, vindictive actions, prosecutorial misconduct, perjury, and Petitioner's insistence that he will receive an unfair trial, without more, do not rise to the level of extraordinary circumstances that warrant federal intervention. In his petition and other documents, Petitioner has not successfully made a strong showing of bad faith, harassment, or other unusual circumstances. His "signs of vindictive prosecution" show that he has issues with the process of the investigation and proceedings at every step, but do not

---

[6]To emphasize this point Petitioner attached certain documents to his Objections entitled "Notice of Understanding and Intent and Claim of Rights" and "Sovereign Affidavit of Truth." (*See* Doc. 18).

[7]Petitioner attached his criminal docket sheet and a copy of a document entitled "Return of Service and Inventory" (along with other documents referring to a seized computer tower).

strongly suggest there is bad faith, harassment, unusual circumstances, or any reason why the federal court should intervene at this point, as opposed to allowing the state proceedings to move forward. We agree with the Magistrate Judge and we will dismiss the petition on the basis of the doctrine of abstention.

**B. Exhaustion**

In a footnote at the end of the Magistrate Judge's R&R, the Magistrate Judge notes that in addition to dismissing the petition on the basis of the doctrine of abstention, the petition could be dismissed, in the alternative, because Petitioner failed to exhaust his available state remedies. (Doc. 13, p. 8 n5). Section 2254(b)(1)(A) of Title 28 of the United States Code states that an "application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,"and because of this, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). By failing to meet a state's procedural requirements for presenting his federal claims, a habeas corpus petitioner deprives the state court of an opportunity to address the claims. *Coleman v. Thompson,* 501 U.S. 722, 732 (1991).

Petitioner argues that the Commonwealth of Pennsylvania has failed to afford him a full and fair adjudication and that the Commonwealth's remedies are seriously inadequate. (*See* Doc. 23, p. 6). Petitioner also argues that the Commonwealth's procedures do not offer him swift vindication of his rights and that vindication of his federal rights require immediate action. (*See id.*). However, Petitioner has not allowed the Commonwealth of Pennsylvania one full and fair opportunity to resolve any constitutional issues because he has not invoked

one complete round of the Commonwealth's established appellate review process. As stated before, a look at Petitioner's Commonwealth docket report shows that he is awaiting a court decision. As such, Petitioner has not successfully exhausted the remedies available to him from the Commonwealth of Pennsylvania and his petition could alternatively be dismissed without prejudice on these grounds.

## Conclusion

For the reasons explained above, the Petition for Writ of Habeas Corpus will be dismissed without prejudice. We will abstain from interfering with a pending state proceeding. In the alternative, we would also dismiss because Petitioner has not exhausted his available state remedies.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN-ANTHONY ARNDT,<br><br>Petitioner,<br><br>v.<br><br>COMMONWEALTH OF PENNSYLVANIA, COUNTY OF YORK, MICHAEL E. BORNTNER, JONELLE H. ESHBACH, SCI WAYMART, and PA STATE ATTORNEY GENERAL,<br><br>Respondents. | Civ. No. 3:11-CV-856<br><br>(Judge Kosik) |

**ORDER**

AND NOW, this  31st  day of August, 2011, IT IS HEREBY ORDERED THAT:

1. The July 1, 2011 Report and Recommendation of Magistrate Judge Malachy E. Mannion (Doc. 13) is ADOPTED;

2. Petitioner's Objections to the Report and Recommendation, supplements, and "Memorandum of Decision (Conclusions of Law)" (Doc. 18, 19, 20, 23) are OVERRULED;

3. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED WITHOUT PREJUDICE;

4. The Clerk of Court is directed to CLOSE this case, and to FORWARD a copy of this Memorandum and Order to the Magistrate Judge; and

5. Based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

Edwin M. Kosik
United States District Judge